IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs April 10, 2007

**JAMES BEASLEY v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Madison County**
**No. C-05-467     Roy Morgan, Judge**

───────────────

**No. W2006-01844-CCA-MR3-PC   -   Filed August 20, 2007**

───────────────

The petitioner, James Beasley, appeals from the Madison County Circuit Court's denying him post-conviction relief from his convictions for aggravated burglary, a Class C felony, and theft of property valued at $500 or less, a Class A misdemeanor. See T.C.A. §§ 39-14-403; 39-14-103; 39-14-105(1). He was sentenced to fifteen years and eleven months and twenty-nine days, to be served concurrently as a Range III offender. The petitioner contends the trial court erred in denying him post-conviction relief based upon the ineffective assistance of trial counsel. We conclude that no error exists and affirm the trial court's judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Affirmed**

JOSEPH M. TIPTON, P.J., delivered the opinion of the court, in which DAVID G. HAYES and ALAN E. GLENN, JJ., joined.

J. Colin Morris, Jackson, Tennessee, for the appellant, James Beasley.

Robert E. Cooper, Jr., Attorney General and Reporter; Cameron L. Hyder, Assistant Attorney General; James G. Woodall, District Attorney General; Alfred Lynn Earls, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

At the post-conviction hearing, trial counsel summarized the facts of the case:

> Mr. Beasley [the petitioner] was identified by a neighbor of the victim's whom she testified she'd known since school, Mr. Beasley had, as kicking in the door to her neighbor's house. She called the police, and while she was on the phone with the police, he entered the house and came out carrying something wrapped up in a jacket. By that time the police were on the way, and they stopped him, and he had a circular saw wrapped up inside a jacket and some jewelry I believe. One of the owners of the house, the woman

testified that that was her jewelry, that he was a cousin and had not
– and had been in her house the night before, but that she had not
invited him nor had she given him that jewelry. As to the circular
saw and the jacket, she had no knowledge, and the co-owner of the
house, Claude Agins I believe, was not there to testify.

Trial counsel testified that he was appointed to represent the petitioner for the petitioner's charges of aggravated burglary and theft of property. He said that the petitioner was incarcerated and that he met with the petitioner at the prison after the arraignment. He said that during that meeting, he discussed the state's offer of an effective fifteen-year sentence as a Range III offender with the petitioner. He said he conveyed the state's offer to the petitioner in writing, as well. He said that either he or someone from his office reviewed the discovery materials before trial. He said that the petitioner was found guilty of both charges at the trial and that the petitioner received an effective fifteen-year sentence to be served at sixty percent release eligibility.

Trial counsel testified that he filed a motion for new trial in which he raised issues relative to the sufficiency of the evidence and the trial court's denial of a motion for a mistrial after testimony about the petitioner's parole hearing and prior felonies. He said that he did not raise an issue relative to lesser included offenses in the motion for new trial but that he had made an oral request for a jury instruction on the lesser included offense of criminal trespass. Trial counsel said he did not have a record of having discussed the lesser included offense issue with the petitioner as an issue for appellate relief.

Trial counsel testified that he did not recognize the appellate brief as his work product. He said that it was signed by the district public defender and that if trial counsel had prepared it, his name would be on the cover, as well. He said that the public defender's office withdrew from representation of the petitioner following the appeal to the Court of Criminal Appeals and that the petitioner proceeded pro se thereafter.

Trial counsel later agreed that the state's absent witness could have been named Calvin Agins. Counsel said he did not inquire about Mr. Agins' whereabouts because the witness's absence provided the defense its only opportunity to attack the sufficiency of the state's circumstantial proof. He said that the absent witness could not testify about ownership of the saw and the jacket or whether he had given the defendant permission to come into the house to take the items. Counsel testified that he did not call any witnesses.

Trial counsel testified that he had moved the court for a mistrial when Officer Byrum testified about the petitioner's parole hearing. Counsel said the testimony about parole created an inference
that the petitioner had felony convictions.

With respect to the appeal, counsel testified that even if the appellate court had considered the lesser included offense issue, he believed the court would have found the omission of a criminal

trespass charge to be harmless error in view of the strength of the proof. He testified, however, that he had no recollection of why the issue had not been raised on appeal.

Counsel testified that he had obtained a mental evaluation of the petitioner and that the petitioner was found competent to stand trial. He said the petitioner professed to have no memory of the offenses.

Counsel said the petitioner had approximately fifty-four prior felony convictions, many of which were for theft and aggravated burglary offenses. He said the petitioner received a maximum sentence.

The district public defender testified that his office had represented the petitioner at trial and on direct appeal. He was uncertain whether he had prepared the appellate brief, although he believed he had when the assistant public defender who represented the petitioner at trial was ill. Upon reviewing the brief, the public defender testified that he raised appellate issues regarding sufficiency of the evidence and denial of a motion for a mistrial after testimony about the petitioner's parole hearing. The public defender acknowledged that the motion for new trial did not raise an issue relative to a lesser included offense instruction on criminal trespass. He said that the issue could have been raised as one of plain error and that he thought the appellate court would have rejected the argument. He said that it was a good policy to consider issues that clients wanted to raise on appeal but that no obligation to raise such issues existed if they did not hold a possibility of success. He testified about his understanding of the law. He said that for a criminal trespass, the defendant would have to admit he had been on the property without permission. He said that the evidence of record was that the defendant kicked in a door and went into the house and that the defendant never admitted being on the property without permission. He said that committing a theft while on the property without permission would constitute a burglary.

The public defender acknowledged an error in a letter his office sent to the petitioner. He said the letter erroneously stated that the petitioner's case had been remanded for resentencing. He said that a sentencing issue was not raised on appeal due to its futility given the petitioner's lengthy criminal history.

The petitioner testified that he was not told before trial that Calvin Agins was unavailable. The petitioner said he expressed his concern about Mr. Agins' absence to counsel. He said his trial attorney told him the state did not need Mr. Agins to testify because they had Ms. Pirtle. He acknowledged that the issue regarding evidence of his prior criminal record had been considered by the appellate court. He said he asked the attorney who represented him at trial to raise the lesser included offense instruction on appeal and that counsel agreed to raise the issue. He said he did not ask his trial attorney why the lesser included offense instruction issue was not raised in the motion for new trial. He said that his trial and appellate attorneys knew that he wanted sentencing and lesser included offense issues raised on appeal. He said he tried to communicate with the public defender's office but was not always successful in getting a response.

The petitioner testified that the state's notice of enhancement for sentencing was inaccurate. He said he did not know whether he had fifty-four prior convictions because the state's computer records were not accurate. He said he had tried to have the records corrected.

After receiving the proof, the trial court addressed in detail each of the issues raised. In each instance, the trial court found that the petitioner had failed to establish his claims by clear and convincing evidence. The trial court denied post-conviction relief, and the petitioner filed this appeal.

The burden was on the petitioner in the trial court to prove by clear and convincing evidence the factual allegations that would entitle him to relief. T.C.A. § 40-30-110(f). On appeal, we are bound by the trial court's findings of fact unless we conclude that the evidence in the record preponderates against those findings. See Black v. State, 794 S.W.2d 752, 755 (Tenn. Crim. App. 1990). In this regard, the petitioner, as the appellant, has the burden of illustrating how the evidence preponderates against the judgment entered. Id. However, we review the trial court's conclusion regarding the effectiveness of counsel de novo because it involves mixed questions of law and fact. See State v. Burns, 6 S.W.3d 453, 461 (Tenn. 1999).

Under the Sixth Amendment to the United States Constitution, when a claim of ineffective assistance of counsel is made, the burden is on the petitioner to show (1) that counsel's performance was deficient and (2) that the deficiency was prejudicial. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); see Lockhart v. Fretwell, 506 U.S. 364, 368-72, 113 S. Ct. 838, 842-44 (1993). A petitioner will only prevail on a claim of ineffective assistance of counsel after satisfying both prongs of the Strickland test. See Henley v. State, 960 S.W.2d 572, 580 (Tenn. 1997). The performance prong requires a petitioner raising a claim of ineffectiveness to show that the counsel's representation fell below an objective standard of reasonableness or "outside the wide range of professionally competent assistance." Strickland, 466 U.S. at 690, 104 S. Ct. at 2066. The prejudice prong requires a petitioner to demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694, 104 S. Ct. at 2068. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id., 104 S. Ct. at 2068. Failure to satisfy either prong results in the denial of relief. Id. at 697, 104 S. Ct. at 2069.

In Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975), our supreme court decided that attorneys should be held to the general standard of whether the services rendered were within the range of competence demanded of attorneys in criminal cases. Further, the court stated that the range of competence was to be measured by the duties and criteria set forth in Beasley v. United States, 491 F.2d 687, 696 (6th Cir. 1974), and United States v. DeCoster, 487 F.2d 1197, 1202-04 (D.C. Cir. 1973). Also, in reviewing counsel's conduct, a "fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland, 466 U.S. at 689, 104 S. Ct. at 2065. Thus, the fact that a particular strategy or tactic failed or even hurt the defense does not, alone, support a claim of ineffective assistance. Deference is made to trial strategy or tactical choices if they are informed

ones based upon adequate preparation. Hellard v. State, 629 S.W.2d 4, 9 (Tenn. 1982); see DeCoster, 487 F.2d at 1201.

The petitioner contends that the trial court erred by finding he did not establish his ineffective assistance of counsel claims by clear and convincing evidence. He claims generally that trial counsel "did not properly investigate the facts of his case and did not properly represent him." He also argues that counsel should have moved for a continuance when Calvin Agins did not appear at trial because Mr. Agins was a material witness to refute essential elements of the offenses on trial.

The petitioner makes no specific argument about counsel's investigation or representation other than the allegations regarding Mr. Agins. Upon review, we conclude that the evidence does not preponderate against the trial court's findings that the petitioner did not establish his claims relative to counsel's investigation and representation. With respect to Mr. Agins, we note that the petitioner did not present Mr. Agins as a witness at the post-conviction hearing to corroborate his claim that Mr. Agins' testimony would have assisted his defense. Any speculation the petitioner may have had about the content of Mr. Agins' testimony is not sufficient clear and convincing proof to support a claim for post-conviction relief. We conclude, as we must, that the evidence does not preponderate against the trial court's findings that the petitioner failed to establish his claims by clear and convincing evidence.

Finally, we note that the petitioner has filed a pro se "supplemental brief" with this court which raises additional arguments relative to ineffective assistance of counsel, sentencing, the trial court's denial of a lesser included offense instruction, and double jeopardy. We decline to address these claims. It is well settled that a party may not proceed simultaneously through counsel and pro se. State v. Burkhart, 541 S.W.2d 365 (Tenn. 1976).

In consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
JOSEPH M. TIPTON, PRESIDING JUDGE

-5-